UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
―――――――――――――――――――――――――――X

MARKELL MYRICK,

                    Petitioner,

-against-                                            MEMORANDUM
                                                         AND ORDER
V. MARK BRADT, Superintendent,                 08-CV-4972 (RJD)

                    Respondent.
―――――――――――――――――――――――――――X
DEARIE, Chief Judge:

On December 1, 2008, petitioner filed this *pro se* petition seeking a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254, challenging a 2004 conviction in New York Supreme Court, Kings County. Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Court has reviewed this petition which appears to be time-barred by the one-year statute of limitations under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). The Court therefore directs petitioner to show cause, within thirty (30) days from the entry of this Order, why the petition should not be dismissed as time-barred.

## DISCUSSION

On April 24, 1996, Congress passed the AEDPA which established a one-year statute of limitations for the filing of a petition for a writ of *habeas corpus* by a person in custody pursuant to a state court conviction. 28 U.S.C. § 2244 (d)(1). The one-year period runs from the date on which one of the following four events occurs, whichever is latest:

> (A) the date on which the judgment became final by
> the conclusion of direct review or the expiration of
> the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A-D).

Petitioner's instant application for habeas relief appears to be time-barred under the AEDPA. In general, the one-year statute of limitations period runs from the date on which the state criminal judgment becomes final.[1] 28 U.S.C. § 2244(d)(1). If an appeal is filed, the judgment of conviction becomes final ninety days after the date the Court of Appeals denies leave to appeal. Williams v. Artuz, 237 F. 3d 147, 150-51 (2d Cir.2001). If no direct appeal is filed, the judgment of conviction becomes final thirty days after he was sentenced, when the time for filing a notice of appeal to the Appellate Division expired. Bethea v. Girdich, 293 F.3d 577, 578-79 (2d Cir. 2002); N.Y. Crim. Pro. Law, § 460.10.

Petitioner was convicted on March 29, 2004. Petition at ¶ 2. The Appellate Division, Second Department, affirmed the conviction on July 18, 2006. People v. Myrick, 31 A.D.3d 668, 818 N.Y.S.2d 287 (2d Dept 2006). On December 8, 2006, the New York Court of Appeals denied petitioner leave to appeal. People v. Myrick, 7 N.Y.3d 927 (2006). Thus, petitioner's judgment of

---

[1] Petitioner does not allege a basis for the application of 28 U.S.C. § 2244 (a)(1)(B),(C) or (D).

conviction became final on or about March 8, 2007. Petitioner had until March 8, 2008 to file his petition.

Statutory Tolling

28 U.S.C. § 2244(d)(2) provides for the one-year statute of limitation period to be tolled while state post-conviction motions are pending. A petitioner who brings a motion to vacate a judgment is entitled to statutory tolling while the proceedings are pending, *i.e.*, "from the time it is first filed until finally disposed of and further appellate review is unavailable under the particular state's procedures." Bennett v. Artuz, 199 F.3d 116, 120 (2d Cir. 1999). The petition is silent as to whether plaintiff filed any post-conviction motions. Should petitioner have a basis for statutory tolling the statute of limitations, he shall present the facts to the Court in his affirmation.

Petitioner is cautioned, however, that filing a post-conviction motion does not start the one-year statute of limitations period to run anew. 28 U.S.C. § 2244(d)(2). Rather, the tolling provision under § 2244(d)(2) applies only if petitioner's post-conviction motion was pending within the one-year limitations period, and excludes from the limitations period only the time the motion remained undecided. Smith v. McGinnis, 208 F.3d 13, 16 (2d Cir. 2000) *(per curiam)*.

Equitable Tolling

Furthermore, the statute of limitations period may be equitably tolled if petitioner can demonstrate that (i) "extraordinary circumstances prevented him from filing his petition on time," and (ii) he "acted with reasonable diligence throughout the period he seeks to toll." Smith v. McGinnis, 208 F.3d at 17 (citing Johnson v. Nyack Hosp., 86 F.3d 8, 12 (2d Cir. 1996)); see also Valverde v. Stinson, 224 F.3d 129, 133 (2d Cir. 2000) (confiscation of legal papers is

sufficient to establish potential basis for equitable tolling). Should petitioner have a basis to ask the Court to equitably toll the statute of limitations, he shall present the facts to the Court in his affirmation.

## CONCLUSION

Petitioner is hereby directed to show cause by written affirmation, within thirty days from the date of this Order, why the statute of limitations should not bar the instant petition.[2] Day v. McDonough, 547 U.S. 198 (2006); Acosta v. Artuz, 221 F.3d 117, 124 (2d Cir. 2000) (petitioner is entitled to notice and an opportunity to be heard before the Court dismisses a petition as time-barred). Petitioner should include and any facts which would support the statutory tolling of the one-year period as outlined in 28 U.S.C. § 2244 (d). Should petitioner ask the Court to equitably toll the limitations period, he shall set forth facts that establish the basis for equitable tolling. No response shall be required at this time and all further proceedings shall be stayed for thirty days or until the petitioner has complied with this Order. If petitioner fails to comply with this Order within the time allowed, the instant petition shall be dismissed as time-barred under 28 U.S.C. § 2244(d). The Court certifies pursuant to 28 U.S.C. §1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444, 45 (1962).

SO ORDERED.                                         s/ Judge Raymond J. Dearie

                                                                    Raymond J. Dearie
                                                                      United States District Judge

Dated: Brooklyn, New York
       12/22, 2008

---

[2] An affirmation form is attached to this Order for petitioner's convenience.