D2F ✓

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
MARKELL MYRICK,

                Petitioner,                  **MEMORANDUM AND ORDER**

    -against-                                   08-CV-4972 (RJD)

V. MARK BRADT, Superintendent,

                Respondent.
-----------------------------------------------------------x
DEARIE, Chief Judge:

On December 1, 2008, petitioner Markell Myrick brought this *pro se* petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("§ 2254 "). By Order dated December 22, 2008, the Court directed petitioner to show cause within 30 days why the petition should not be dismissed as time-barred. The Court received petitioner's Affirmation on January 2, 2009, but it fails to demonstrate that the instant petition is timely or that petitioner is entitled to equitable tolling of the statute of limitations. Therefore, the petition is dismissed as time-barred.

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides a one-year statute of limitations period during which prisoners may file a petition for a writ of habeas corpus. 28 U.S.C. § 2244(d)(1). In most cases, this one-year period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Id.[1]

Petitioner was convicted on March 29, 2004 in New York Supreme Court, Kings County. The New York Supreme Court, Appellate Division, Second Department, affirmed the judgment

---

[1] The additional triggering events, not relevant here, are set forth in 28 U.S.C. § 2244(d)(1)(B), (C), and (D).

on July 18, 2006. People v. Myrick, 31 A.D.3d 668, 818 N.Y.S.2d 287 (2d Dep't 2006). The New York Court of Appeals denied leave to appeal on December 8, 2006. People v. Myrick, 7 N.Y.3d 927 (2006). Accordingly, his judgment of conviction became final 90 days later on March 8, 2007, when the time for seeking further direct review expired. Under the AEDPA statute of limitations, petitioner had one year from that date, or until March 10, 2008, within which to seek a writ of habeas corpus in federal court.[2] Petitioner did not file the instant petition until December 1, 2008, after the statute of limitations had expired.

The AEDPA statute of limitations may be subject to statutory or equitable tolling in certain limited circumstances. Statutory tolling provides for the limitations period to be tolled during the time state post-conviction motions are pending. However, it does not appear that petitioner filed any state motions challenging this conviction. The statute of limitations may be equitably tolled if a petitioner can demonstrate "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). The original petition did not assert any basis for equitable tolling. The Court provided petitioner an additional opportunity to be heard on the issue of timeliness. See Day v. McDonough, 547 U.S. 198, 210 (2006)("[B]efore acting on its own initiative, a court must accord the parties fair notice and an opportunity to present their positions"); Acosta v. Artuz, 221 F.3d 117, 121 (2d Cir. 2000)("[U]nless it is unmistakably clear from the facts alleged in the petition, considering all of the special circumstances enumerated in Section 2244(d)(1), equitable tolling, and any other factor relevant to the timeliness of the petition, that the petition is

---

[2] Because the period ended on a Saturday, petitioner had until the next business day to file his petition.

2

untimely, the court may not dismiss a Section 2254 petition for untimeliness without providing petitioner prior notice and opportunity to be heard.").

In response to the Court's Order, petitioner has filed an Affirmation asserting that the delay in filing his petition should be excused because he was unaware of the procedural requirements, and did not have access to assistance in preparing his papers. He also asserts that "In March 2007 I was called down to court which I had no time to prepare such appeal. In September I was confine in S.H.U. for 7 months I had no such help with preparing appeal while confine to my cell 23 hours lockdown" [*sic*]. Affirm. at 1. He further states that "I didn't have access to certain legal documents." Id. at 2.

District courts within the Second Circuit have consistently found that *pro se* status, ignorance of the law and habeas corpus procedures, and lack of legal assistance are not extraordinary circumstances that would warrant equitable tolling. See Bowman v. Walsh, No. 07 CV 3586, 2007 WL 2815711, at *2 (E.D.N.Y. Sept. 25, 2007) (summarizing caselaw); see also Edwards v. INS., 59 F.3d 5 (2d Cir.1995) ("pro se litigants generally are required to inform themselves regarding procedural rules and to comply with them"). Petitioner's seven-month confinement to the Special Housing Unit ("S.H.U.") is also not determinative. See Warren v. Kelly, 207 F. Supp. 2d 6, 10 (E.D.N.Y. 2002)("Transfers between prison facilities, solitary confinement, lockdowns, restricted access to the law library and an inability to secure court documents do not qualify as extraordinary circumstances."); Hizbullahankhamon v. Walker, 105 F. Supp. 2d 339, 344 (S.D.N.Y. 2000) ("While solitary confinement does present an obstacle to filing a timely habeas petition, it does not qualify as an extraordinary circumstance."), aff'd, 255 F.3d 65 (2d Cir. 2001), cert. denied, 536 U.S. 925, 122 (2002). Although petitioner's

3

confinement to the S.H.U. may have concluded at about the time the statute of limitations period ended, petitioner has not stated any reason why he was prevented from filing his petition during that period, nor has he demonstrated that he exercised reasonable diligence throughout the period he seeks to toll. See Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000)("The word 'prevent' requires the petitioner to demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances."); Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000)("In order to equitably toll the one-year period of limitations, [petitioner] must show that extraordinary circumstances prevented him from filing his petition on time. . . . In addition, the party seeking equitable tolling must have acted with reasonable diligence throughout the period he seeks to toll.")(citations omitted).

For these reasons, the Court finds no basis for equitable tolling of the statute of limitations.

## CONCLUSION

Having considered the claims in the original petition and petitioner's subsequent Affirmation, the Court finds that it does not have jurisdiction over this petition, because the statute of limitations has expired and there are no sufficient grounds for equitable tolling. Accordingly, the petition for a writ of habeas corpus is dismissed as time-barred. A certificate of appealability shall not issue because petitioner has not made a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c)(2); Lucidore v. New York State Div. of Parole,

209 F.3d 107, 112-13 (2d Cir. 2000). The Court certifies pursuant to 28 U.S.C. § 1915(a) that any appeal from a judgment denying the instant petition would not be taken in good faith. Coppedge v. United States, 369 U.S. 438 (1962).

SO ORDERED.

                                                                                    s/RJD
                                                                                RAYMOND J. DEARIE
                                                                                United States District Judge

Dated: Brooklyn, New York
       January 27, 2009